## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| KIEA HUTTY, | * | |
| Plaintiff | * | |
| v. | * | |
| | * | CIVIL NO. JKB-21-2535 |
| PNC BANK, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Before the Court is Plaintiff Kiea Hutty's Motion for Leave to File an Amended Complaint against Defendant PNC Bank ("PNC"). (ECF No. 37.) Plaintiff filed her original Complaint on October 4, 2021 (ECF No. 1), and the deadline for motions to amend the pleadings passed on March 7, 2022. (ECF No. 17.) Plaintiff's Motion is fully briefed (ECF Nos. 39, 41), and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

### I.   *Factual Background and Procedural History*

Plaintiff is an African American woman who, in December 2015, began working as a Business Branch Manager for PNC in Timonium, Maryland. (ECF No. 1 ¶¶ 1, 2, 17.) Plaintiff's employment duties included, among other things, an obligation to maintain a notary public license at all times while employed. (*Id.* ¶ 18.) In December 2018, Plaintiff began pursuing a separate position as a Business Banker at a PNC branch in Philadelphia, Pennsylvania. (*Id.* ¶ 19.) Plaintiff alleges that on May 21, 2019, two PNC employees, Matthew Martin and Lisa Schwartz, presented her with a "corrective action document" regarding her performance which stated that Plaintiff

"refused to become a notary public" and "failed to open any accounts in the past month." (*Id.* ¶ 21.) Plaintiff alleges that after she complained of discrepancies within the document, Mr. Martin and Ms. Schwartz assured her that the document would be corrected. (*Id.*) That same day, Plaintiff filed an EEOC complaint for race and sex discrimination based upon the allegations within the corrective action document and her belief that other Black and female employees had also been subjected to "baseless allegations" regarding their work performance. (*Id.* ¶ 22.)

Plaintiff alleges that PNC took multiple adverse actions against her after she filed her EEOC complaint. Namely, Plaintiff alleges that on May 22, 2019, Mr. Martin and Ms. Schwartz informed her that her application for the Business Banker position in Philadelphia had been rejected. (*Id.* ¶ 23.) Plaintiff also alleges that Mr. Martin and Ms. Schwartz contacted her in June 2019 to inform her that the corrective action document presented to her in May 2019 would "not be corrected." (*Id.* ¶ 24.) Plaintiff further alleges that she asked her immediate manager in June 2019 to close a customer account after the customer called Plaintiff a racial epithet, but that the manager refused to do so. (*Id.* ¶ 25.) Plaintiff also alleges that, in June 2019, PNC "threatened to place [her] on probation without justification" and "attempt[ed] to solicit disparaging remarks about Plaintiff" from Plaintiff's coworker. (*Id.* ¶¶ 26–27.)

Plaintiff further alleges that she requested a period of short-term disability leave from PNC, which PNC denied. (*Id.* ¶ 28.) Plaintiff then took an unpaid leave of absence under the Family and Medical Leave Act ("FMLA") in July 2019. (*Id.* ¶ 29.) Plaintiff alleges that after she returned to work, PNC began to investigate her FMLA leave request and "humiliated" her by, among other things, subjecting her to "salacious rumors" and questions which "impl[ied] an inability of [Plaintiff] to behave professionally . . . ." (*Id.* ¶¶ 33–36.) Plaintiff alleges that PNC informed her in November 2019 that she was being terminated for arriving late to a conference call. (*Id.* ¶ 38.)

2

Based upon these allegations, Plaintiff brings claims for race and sex discrimination under Title VII (Counts I and II), hostile work environment under Title VII (Count III), interference and retaliation under the FMLA (Counts IV and V), wrongful termination under Maryland law (Count VI), retaliation under Title VII (Count VII), and violation of the Maryland Fair Employment Practices Act ("MFEPA") (Count VIII). (*Id.* ¶¶ 46–163.)

Plaintiff commenced this action on October 4, 2021. (ECF No. 1.) The Court entered an initial Scheduling Order on February 4, 2022, which, among other things, set a deadline of March 7, 2022 for amending the pleadings. (ECF No. 17.) On May 22, 2022, Plaintiff's former counsel, Dionna Maria Lewis, moved to withdraw and represented that Plaintiff consented to the withdrawal and would proceed *pro se* until she was able to secure new counsel. (ECF No. 23.) The Court granted Ms. Lewis's Motion to Withdraw on May 23, 2022. (ECF No. 24.) Plaintiff then requested a 60-day stay of this case to seek new counsel. (ECF No. 27.) The Court granted Plaintiff's request. (ECF No. 30.) Plaintiff's current counsel, Arinderjit Dhali, entered his appearance on July 25, 2022. (ECF No. 34.) The parties are now engaged in discovery. (ECF No. 47.)

## II.   *Legal Standards*

A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard to modify a scheduling order under Rule 16(b)(4) and the Rule 15(a)(2) standard for amendment of pleadings. *See Moses v. Cowan Distrib. Servs., Inc.*, Civ. No. JKB-10-1809, 2012 WL 527657, at *2 (D. Md. Feb. 16, 2012); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's finding that "good cause" did not exist under Rule 16(b)). As

3

this Court has stated previously,

> the Rule 16(b) analysis is less concerned with the substance of the proposed amendment. Instead, Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission. Because a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, a movant must demonstrate that the reasons for the tardiness of [her] motion justify a departure from the rules set by the court in its scheduling order.

> The primary consideration of the Rule 16(b) good cause standard is the diligence of the movant. Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard [and the] focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*

*Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373–74 (D. Md. 2002); (citations and internal quotation marks omitted) (emphasis in original); *see also Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) ("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.") (citations omitted).

If a movant satisfies the requirements of Rule 16, the Court then considers whether amendment is also warranted under Rule 15. *See Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003); *see also* Fed. R. Civ. P. 15(a) (stating that leave shall be given freely "when justice so requires"). Under Rule 15, a motion to amend should be denied only where it would be prejudicial, where there has been bad faith, or where the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

### III.   *Motion to Amend the Complaint*

Plaintiff filed her Motion to Amend the Complaint on September 15, 2022. (ECF No. 37.) In her Motion, Plaintiff argues that amendment is warranted because of new information discovered by her current counsel in August 2022. (*Id.* at 3.) While the Motion is not accompanied by a "redlined copy" of the proposed amended complaint—as required by Local Rule 103.6—

Plaintiff does attach a clean copy of her proposed amended complaint. (ECF No. 37-1.) Plaintiff states that she seeks to add additional claims for discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981 to her Complaint, and requests that the Court waive the requirements of Local Rule 103.6 because she encountered technical difficulties in complying with the rule. (ECF No. 37 at 1, 4–5.)

Plaintiff's reply brief sheds significant light on her proposed amendments.[1] In that filing, Plaintiff clarifies that her Motion is governed by Rule 16's "good cause" standard, and states that she seeks to amend the Complaint to add factual allegations concerning a mural which was displayed in her workplace during her employment with PNC. (ECF No. 41 at 2–3.) Specifically, Plaintiff seeks to allege that in 2018, PNC "framed a giant picture/mural of the 'Timonium Fair in the 1880s' [which] depicted . . . an African American slave. [Plaintiff] . . . made complaints of this picture to PNC in . . . 2018. Her repeated complaints were ignored. The picture was finally removed in 2019." (ECF No. 37-1 at 1–2.)

Plaintiff argues in her reply brief[2] that good cause exists under Rule 16 to amend the Complaint for four reasons: (1) she complied with the initial Scheduling Order by adhering to its discovery deadlines; (2) PNC "refused to agree to a later deadline to file an amended complaint"; (3) her current counsel did not become aware of allegations regarding the mural until August 2022,

---

[1] Plaintiff acknowledges that her reply brief was filed one day late due to "confusion in [her] calendaring." (ECF No. 41 at 1 n.1.) Local Rule 105.2(a) provides that "[u]nless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion and any reply memoranda within fourteen (14) days after service of the opposition memoranda." Local Rule 105.2(a) (D. Md. 2021). Plaintiff did not move for leave to file this brief out of time. Her inattention to this deadline "demonstrate[s] a general lack of diligence or, at the very least, carelessness," which weighs against a finding of good cause. *Rassoull*, 209 F.R.D. at 374.

[2] Ordinarily, the Court does not consider arguments raised for the first time in a reply brief. *See SEC v. Pirate Inv'r LLC*, 580 F.3d 233, 255 n.23 (4th Cir. 2009). But "the power to decline consideration of such arguments is discretionary, and the courts are not precluded from considering such issues in appropriate circumstances." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). Plaintiff's reply brief, unlike her Motion, identifies the correct legal standard governing her Motion and contains arguments relevant to that standard. Thus, the Court considers arguments first raised in Plaintiff's reply brief for purposes of resolving the pending Motion.

when he first had "extensive discussions" with Plaintiff and reviewed certain supplemental

discovery responses; and (4) she was left to proceed *pro se* for two months after the withdrawal of

her former counsel and was unable to retrieve her case file from her former counsel. (ECF No. 41

at 3–4.) Plaintiff also indicates that she wishes to dismiss the Title VII sex-based hostile work

environment claim brought in Count III of the original Complaint. (*Id.* at 5.)

In opposition to Plaintiff's Motion, PNC argues that Plaintiff has failed to demonstrate

good cause under Rule 16 because she "does not and cannot argue that her newly added legal

theories and factual allegations were recently discovered or only acquired after the amendment

deadline" of March 7, 2022. (ECF No. 39 at 7.) PNC further argues that Plaintiff's Motion should

be denied for its noncompliance with Local Rule 103.6. (*Id.* at 9–11.)

### IV.    Analysis

For the reasons that follow, Plaintiff fails to demonstrate that good cause exists under Rule

16 for her proposed factual and legal amendments. Nonetheless, the Court is satisfied that

Plaintiff's dismissal of her sex-based hostile work environment claim is warranted under Rules 16

and 15. As such, the Court will grant in part and deny in part Plaintiff's Motion to Amend.

Additionally, because Plaintiff's failure to observe Rule 103.6 will not prejudice PNC, the Court

will grant Plaintiff's request to waive Local Rule 103.6's requirements.

### A.    Plaintiff's Proposed Factual Amendments

As an initial matter, Plaintiff has failed to satisfy Rule 16's good cause standard with regard

to the factual amendments raised in her Motion and proposed amended complaint. At the outset,

the Court notes that upon careful inspection of both the operative and proposed amended

complaints, it appears that Plaintiff has misrepresented the full scope of her proposed amendments.

Plaintiff states in her reply brief that she seeks to add a single factual allegation to her Complaint—

6

specifically, the allegation that she suffered harm due to a mural which PNC displayed in its

workplace while Plaintiff was employed there. (ECF No. 41 at 4.) However, a careful comparison

of the initial and proposed complaints shows that the latter contains factual allegations unrelated

to the mural. Among these are allegations that: (1) a regional manager told Plaintiff to disregard

an offensive remark made by a customer; (2) a colleague informed Plaintiff that she was "troubled

by" the behavior of PNC's management; and (3) PNC accused Plaintiff of receiving personal mail

at work. (ECF 37-1 ¶¶ 26, 30, 39.) Plaintiff does not address any of these factual allegations in

her Motion or reply brief and fails to explain why good cause exists for their belated introduction.

Plaintiff's failure to provide argument to support the introduction of these allegations demonstrates

"[c]arelessness [which] is not compatible with a finding of diligence and offers no reason for a

grant of relief." *Potomac Elec. Power Co*, 190 F.R.D. at 375. As such, Plaintiff has not shown

good cause for amending the Complaint with respect to these allegations.

The sole factual amendment that Plaintiff *does* identify and provide argument for—namely,

that she was harmed by PNC's display of an offensive mural—fares no better. Plaintiff argues

unpersuasively that good cause exists for this factual amendment because she "complied with the

initial scheduling order." (ECF No. 41 at 3.) But Plaintiff's earlier adherence to Scheduling Order

deadlines is irrelevant. The Court's inquiry under Rule 16 "focuses on the timeliness of the

*amendment* and the reasons for its tardy submission," not whether the movant was timely in

meeting other deadlines. *Rassoull*, 209 F.R.D. at 374 (emphasis added). Plaintiff also contends,

without supporting documentation, that PNC "refused to agree to a later deadline" for amending

the pleadings during an August 2022 meeting between the parties. (ECF No. 41 at 4 n.4.) Even if

the Court assumes this to be true, Plaintiff does not explain how PNC's refusal to agree to a new

deadline prevented her from taking some alternative action, such as filing an opposed motion to

7

modify the Scheduling Order. Indeed, the fact that Plaintiff failed to raise this issue until she filed her Motion one month later demonstrates a lack of "diligent efforts" to comply with the Court's scheduling deadlines. *Potomac Elec. Power Co*, 190 F.R.D. at 375.

Plaintiff further contends that amendment of the Complaint is warranted because her current counsel learned of allegations concerning the mural after having "extensive discussions" with Plaintiff and reviewing her discovery responses. (ECF No. 41 at 4.) This argument is unpersuasive. Plaintiff does not suggest in her discovery responses or in the proposed amended complaint that these allegations first became known to *her* in August 2022. Nor does she explain why these allegations were not included in the original Complaint. Indeed, Plaintiff proposes to allege that PNC framed the mural in 2018, while she was employed there, which prompted her to complain to PNC. (ECF No. 37-1 at 1.) Thus, Plaintiff's proposed factual amendment is based upon her own observations and complaints—both of which she made years before this case was filed. Plaintiff's personal knowledge of these facts forecloses their introduction at this mature stage of the litigation. *See Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020) (holding that a party "cannot establish good cause under Rule 16" if she "knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint").

Nor does Plaintiff's change in counsel during this litigation establish good cause for the belated introduction of these allegations. Specifically, Plaintiff argues that good cause exists to amend the Scheduling Order because: (1) she was unrepresented by counsel for two months during the pendency of this case; and (2) she was unable to obtain her case file from former counsel. (ECF No. 41 at 3–4.) Both arguments are unpersuasive. "[T]he entry of new counsel, standing alone," does not justify a finding of good cause under Rule 16. *Sall v. Bounassissi*, Civ. No. DKC 10-2245, 2011 WL 2791254, at *3 (D. Md. July 13, 2011) (differentiating the entry of new counsel

from the "different situation" in which an attorney "completely abdicates [her] responsibilities" or "entirely abandons [her] client") (citations omitted). Plaintiff does not argue—and a review of the record does not suggest—that her former counsel withdrew from this case in a manner that contravened her responsibilities to Plaintiff. Nor does Plaintiff contend that her former counsel's actions contributed to an inability to raise the proposed amendments in a timelier fashion.

Plaintiff also fails to identify what information within her case file, if any, would have allowed her to make the amendments at issue in a timelier manner. Despite her current counsel's inability to retrieve the file at the time he entered the case, Plaintiff acknowledges that she received it just two weeks after her current counsel requested it. (ECF No. 41 at 4.) Plaintiff makes no argument that the file she now possesses is incomplete. Given this, Plaintiff fails to show that her change in counsel rendered her unable to timely raise the factual amendments at issue.

### B.    *Plaintiff's Proposed Legal Amendments*

Plaintiff also fails to show good cause for the introduction of new legal claims for discrimination, hostile work environment, and retaliation under Section 1981. These three new claims appear to relate to factual allegations raised in the initial Complaint as well as those concerning the mural. (ECF No. 37-1 at 43–62; ECF No. 41 at 2.) Plaintiff seeks leave to file these counts pursuant to Rule 15 and argues that her former counsel neglected to raise them as claims in the initial Complaint. (ECF No. 37 at 1.) But Plaintiff fails to address—as she must— whether the introduction of these claims is also warranted under Rule 16. *See Nourison Rug Corp.,* 535 F.3d at 299. More importantly, former counsel's failure to raise these theories of recovery in the initial Complaint is irrelevant at this juncture. *See Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 409 (4th Cir. 2010) ("A party voluntarily chooses [her] attorney as [her] representative in the action, and, thus, [s]he cannot later 'avoid the consequences of the acts or omissions of this

9

freely selected agent.'") (citation omitted).  Accordingly, the Court denies Plaintiff's Motion as to these claims.

### C.    Plaintiff's Partial Dismissal of Count III

The Court next addresses Plaintiff's request to dismiss the Title VII sex-based hostile work environment claim pleaded in Count III of her original Complaint.  (ECF No. 41 at 5; ECF No. 1 at ¶¶ 86–105.)  Just as with motions to add claims or allegations to a complaint after a scheduling order has been entered, Rules 16 and 15 govern a plaintiff's request to dismiss claims or allegations from a complaint following the entry of a scheduling order. *See Sall*, 2011 WL 2791254, at *4.

While neither party offers argument as to whether the dismissal of this claim is warranted, the Court is satisfied that good cause for such dismissal exists under Rule 16.  This Court has recognized that the "deletion," as opposed to the introduction of claims, "is not as problematic under Rule 16(b), as the rule is 'practically' intended to prevent a party from 'decimating' a scheduling order with 'late attempts to complicate or change the nature of the case[.]'" (*Id.*) (citations omitted).  Here, there is no indication that Plaintiff's dismissal of the claim would negatively impact the schedule of the case moving forward.  With respect to whether Plaintiff's dismissal is warranted under Rule 15, the Court is aware of no "bad faith, prejudice, or futility" that would militate against allowing Plaintiff to dismiss the claim at this time. *Montgomery v. Freedom Mortg. Corp.*, Civ No. GLS-21-2643, 2022 WL 3139638, at *6 (D. Md. Aug. 5, 2022) (granting plaintiff's Rule 15 motion to dismiss multiple claims).[3]  Given this, the Court grants Plaintiff's Motion to dismiss this claim.

---

[3] This Court has previously granted motions to dismiss claims under Rule 15 where, as here, a defendant offered no argument against the plaintiff's dismissal. *See Montgomery*, 2022 WL 3139638, at *6, *8.

### D.    *Local Rule 103.6*

As a final matter, Plaintiff failed to submit a "redlined" copy of her proposed amended complaint along with her Motion. Pursuant to Local Rule 103.6, "[u]nless otherwise ordered by the Court, the party filing an amended pleading shall file and serve . . . a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." Local Rule 103.6(c) (D. Md. 2021). Plaintiff requests that the Court waive this requirement because she was unable to create a Microsoft Word version of the Complaint so as to "redline" the document. (ECF No. 37 at 4–5.)

Plaintiff's failure to supply a "redlined" amended complaint ordinarily would constitute "grounds for denying a motion for leave to amend or for holding the motion in abeyance" until Plaintiff complies with Local Rule 103.6. *Smith v. Treasury Inspector Gen. for Tax Admin.*, Civ. No. JKB-11-2033, 2012 WL 11110, at *2 (D. Md. Jan. 3, 2012), *aff'd sub nom. Smith v. Treasury Inspection Gen. for Tax Admin.*, 474 F. App'x 929 (4th Cir. 2012). Nevertheless, this Court has recognized that motions which fail to adhere to Local Rule 103.6 may still be granted "so long as the moving party's failure to observe the correct procedures does not materially prejudice the opposing party." *See Smith*, 2012 WL 11110, at *2.

Because, for the reasons discussed above, the Court grants Plaintiff's Motion only to the extent that she requests the dismissal of one claim, PNC will not suffer prejudice from Plaintiff's failure to provide a "redlined" Complaint. As such, the Court will grant Plaintiff's request to waive the requirement of Local Rule 103.6. Plaintiff is expected to comply with this Court's Local Rules in all future filings.

## V.    *Conclusion*

Plaintiff has not shown good cause for failure to comply with the Court's Scheduling Order with regard to the introduction of new factual and legal claims, but the Court is satisfied that Plaintiff's dismissal of her sex-based hostile work environment claim in Count III is warranted. As such, Plaintiff's Motion will be granted in part and denied in part by accompanying order.


DATED this __15__ day of February, 2023.



BY THE COURT:

James K. Bredar
Chief Judge